UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND HENLEY CAMPBELL,

    Plaintiff,

v.                                      Case No. 10-13098
                                        Honorable Patrick J. Duggan

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**

Plaintiff applied to the Social Security Administration for supplemental security income benefits on July 27, 2005, alleging that he became disabled on June 12, 2005. The Social Security Administration denied Plaintiff's request for benefits initially. Upon Plaintiff's request, a hearing before an administrative law judge ("ALJ") was held on November 6, 2007. In a decision dated April 18, 2008, the ALJ found that Plaintiff was disabled from June 12, 2005 through February 5, 2007, but that a medical improvement related to the ability to work rendered him not disabled from February 6, 2007 forward. The Appeals Council, after reviewing additional documents submitted by Plaintiff, denied Plaintiff's request for review on June 7, 2010. Thus the ALJ's decision became the final decision of the Social Security Commissioner ("Commissioner"). Plaintiff thereafter initiated the pending action.

Both parties have filed motions for summary judgment, which this Court referred to Magistrate Judge Charles E. Binder. On March 29, 2011, Magistrate Judge Binder

filed his Report and Recommendation (R&R) recommending that this Court deny Plaintiff's motion for summary judgment, grant the Commissioner's motion for summary judgment, and affirm the Commissioner's decision.  At the conclusion of the R&R, Magistrate Judge Binder advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them.  (R&R at 15.)  Magistrate Judge Binder specifically warns the parties that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal."  (*Id.*)

Plaintiff filed objections to the R&R on April 12, 2011.  The Commissioner filed a response to Plaintiff's objections on April 26, 2011.  The matter now is ripe for this Court's review.

## Standard of Review

Under 42 U.S.C. Section 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994).  "Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 535

(6th Cir. 1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

In determining whether substantial evidence exists, a reviewing court must examine the administrative record as a whole. *Id.* at 536. The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). If the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The court reviews *de novo* the parts of an R&R to which a party objects. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id*.

## Analysis

An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further. *Id*. However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id*. "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the

3

[defendant]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step sequential process is as follows. First, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). The ALJ concluded that Plaintiff had not engaged in substantial gainful activity from June 12, 2005 through February 5, 2007. (A.R. at 26.) Second, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c). The ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease, degenerative joint disease, and anxiety/depression. (A.R. at 26-27.)

At the third step, the ALJ again considers the medical severity of the claimant's impairment(s) to determine whether any impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors. *Id*. The ALJ analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not. (A.R. at 27.)

At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant

work.  20 C.F.R. § 404.1520(a)(4)(iv).  The ALJ found that, from June 12, 2005 through February 5, 2007, Plaintiff had the following residual functional capacity:

> to perform sedentary work as defined in 20 CFR 416.967(a),[1] with the further limitations of inability to stand/walk more than 2 hours per 8-hour work day and sit more than 4 hours per 8-hour work day.

(A.R. at 27.)  The ALJ further concluded that, based on these limitations, Plaintiff could not perform his past work as a construction worker, dishwasher, janitor, manufacturing worker, or stocker.  (A.R. at 28.)  However, due to a medical improvement related to his ability to work, the ALJ determined that since February 6, 2007, Plaintiff had the residual functional capacity to:

> lift, carry, push and pull 5 pounds frequently and 10 pounds occasionally. He is able to stand/walk 2 hours per 8-hour work day.  He is able to sit up to 8 hours per 8-hour work day.  He should have the opportunity to alternate position[s] for a few minutes approximately every 30 minutes.  He cannot climb ladders, ropes, or scaffolds.  He can climb stairs and stoop rarely.  He cannot not [sic] kneel, crouch or operate foot or leg controls.  He cannot be exposed to hazards or vibration.  He is limited to simple, routine, repetitive work that does not involve confrontation or negotiation.  He can tolerate superficial contact with co-workers and supervisors but should not need to interact with the general public (20 CFR 416.967(a)).

(A.R. 29.)  The ALJ concluded that, based on these limitations, even with his medical

---

[1] 20 C.F.R. § 416.967(a) defines "sedentary work" as work that "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."

improvement, Plaintiff still could not perform his past work.[2] (A.R. at 30.) The ALJ therefore continued to step five of the analysis.

At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if there are jobs that exist in significant numbers in the national economy that the claimant can perform. 20 C.F.R. § 404.1420(a)(4)(v). If there is no such work, the ALJ must find the claimant disabled. *Id*. The ALJ determined that there were no jobs that existed in significant numbers in the national economy that Plaintiff could have performed based on his residual functional capacity from June 12, 2005 through February 5, 2007. (A.R. at 28-29.) The Court therefore found that Plaintiff was under a "disability" as defined in the Social Security Act during that period. (A.R. at 29.) The ALJ also determined, however, that Plaintiff's adjusted residual functional capacity as of February 6, 2007, rendered him capable of

---

[2]The implementing regulations set forth a multi-step analysis the Commissioner must follow to assess whether a claimant's disability continues following a finding of disability. *See* 20 C.F.R. § 404.1594(f). The first and second steps mimic those steps applicable in the initial determination of disability: (1) whether the claimant has engaged in substantial gainful activity and (2) whether the claimant has a severe impairment or combination of impairments that significantly limits his or her physical or mental ability to do basic work activities. *Compare* 20 C.F.R. §§ 404.1594(f)(1), (2) *with* 20 C.F.R. §§ 404.1520(1), (2). If the answer to both questions is "no," the Commissioner proceeds to the third step and evaluates whether there has been a "medical improvement." 20 C.F.R. § 404.1594(f)(3). If the answer is "yes," the Commissioner must determine whether the medical improvement is related to the claimant's ability to do work; i.e., "whether or not there has been an increase in the residual functional capacity based on the impairment(s) that was present at the time of the most recent favorable medical determination." *Id*. § 404.1594(f)(4). If the medical improvement is related to the claimant's ability to do work, the Commissioner must reassess the claimant's residual functional capacity and determine whether the claimant can do his or her past work or, if not, significant jobs that exist in the national economy in light of his or her residual functional capacity, age, education, and past work experience. *Id*. §§ 404.1594(f)(7), (8).

performing a significant number of jobs in the national economy. (A.R. at 35.) The ALJ therefore concluded that Plaintiff's disability ended on February 6, 2007. (A.R. at 31.)

In his R&R, Magistrate Judge Binder indicates that he found substantial evidence in the record to support the ALJ's conclusions. As indicated previously, Plaintiff filed timely objections to the R&R.[3]

First, Plaintiff objects to the Magistrate Judge's failure to consider the Physical Residual Functional Capacity Assessment completed by his treating physician and submitted in support of Plaintiff's appeal to the Appeals Council. As Magistrate Judge Binder correctly notes in his R&R (R&R at 2 n.2), where the Appeals Council denies review, the court may not consider evidence submitted to the Appeals Council in determining whether to uphold, modify, or reverse the ALJ's decision. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citing *Cotton v. Sullivan*, 2 F.3d 692, 695-96 (6th Cir. 1993)). "The district court can, however, remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." *Id.* (citing *Cotton*, 2 F.3d at 696). Plaintiff has not attempted to make this

---

[3]Plaintiff asserts five objections to the R&R. Three of his objections, however, are based on arguments he did not assert before the magistrate judge: (1) error by the Appeals Council; (2) that the ALJ posed an improper hypothetical question to the vocational expert; and (3) that the ALJ improperly failed to consider his obesity. Plaintiff waived these arguments by failing to present them earlier. *See Borden v. Sec'y of Health and Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *Taylor v. Michigan Dep't of Corr.*, No. 89-70736, 1993 WL 533470 (6th Cir. Dec. 22, 1993). Thus the Court is addressing only two of Plaintiff's objections to the R&R.

showing in any of his pleadings.

Next, Plaintiff objects to Magistrate Judge Binder's evaluation of whether substantial evidence exists in the record to support the ALJ's decision. Specifically, Plaintiff argues that the record as a whole does not provide substantial evidence to support the ALJ's finding that Plaintiff underwent a medical improvement that rendered him not disabled as of February 6, 2007. The ALJ provided the following in describing Plaintiff's medical improvement as of February 6, 2007:

> On February 6, 2007, [t]he claimant reported slightly improved leg pain and increased back pain. He was not, however, taking any medications. He walked with a cane for stability, which his doctor advised him to stop using. He was encouraged to exercise. Clinically, lower extremity strength was normal. No further surgery was recommended.

(A.R. at 29.) The ALJ also remarked later in her decision that, as of February 6, 2007, Plaintiff had no neurological deficits and was not taking any prescription medications. (A.R. at 30.) As well, the ALJ found that "the medical evidence documents the existence of impairments that can reasonably be expected to produce symptoms such as pain, depression, and anxiety. However, allegations of disabling symptoms since February 6, 2007 are not fully substantiated." (*Id.*)

Where a claimant is found disabled but an ALJ holds that benefits should be subsequently ceased due to a medical improvement, "the central question is whether [the] claimant's medical impairments have improved to the point where [the claimant] is able

to perform substantial gainful activity."[4] *Kennedy v. Astrue*, 247 F. App'x 761, 764 (6th Cir. 2007) (citing 42 U.S.C. § 423(f)(1)). The implementing regulations define a "medical improvement" as follows:

> any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment(s) . . ..

20 C.F.R. § 416.994(b)(1)(ii).

In *Kennedy*, the Sixth Circuit set forth the law relevant to the inquiry of whether a

---

[4]Plaintiff's case is a "closed period" rather than a "cessation of benefits" case. The Fifth Circuit Court of Appeals has explained the difference as follows:

> In the typical disability case, a claimant's application for benefits is decided while he is under a continuing disability. Once the application is granted, payments continue in accord with that decision. Termination of the benefits then involves a subsequent hearing– a termination case– in which the Commissioner reviews (and decides whether to terminate) the continued payment of benefits. In contrast, in a closed period case, the decision-maker determines that a new applicant for disability benefits was disabled for a finite period of time which started and stopped prior to the date of his decision. . . . Thus, in closed period cases, the ALJ engages in the same decision-making process as in termination cases, that is, deciding whether (or, more aptly, when) the payments of benefits should be terminated.

*Waters v. Barnhart*, 276 F.3d 716, 719 (5th Cir. 2002) (internal quotation marks and citation omitted). In *Barnhart*, the Fifth Circuit followed the Tenth, Seventh, Eleventh, and Third Circuits in holding that the medical improvement standard applicable to cessation of benefit cases also applies to closed period cases. *Id.* The Sixth Circuit and judges within this District have applied the medical improvement standard in closed period cases as well. *See Booms v. Comm'r of Soc. Security*, 277 F. Supp. 2d 739, 744-45 (E.D. Mich. 2003); *Ramseur v. Astrue*, No. 09-13302, 2010 WL 4923039, at *8 (E.D. Mich. Nov. 29, 2010) (citing *Long v. Secretary of HHS*, No. 93-2321, 1994 WL 718540 (6th Cir. 1994) (unpublished)).

9

claimant awarded benefits has experienced a medical improvement:

> Improvement is measured from "the most recent favorable decision" that the claimant was disabled. 20 C.F.R. § 416.994(b)(1)(i). There is no presumption of continuing disability. *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286-87 n.1 (6th Cir. 1994). Instead, the Commissioner applies the procedures that are outlined in 20 C.F.R. §§ 404.1594 and 416.994 to determine whether a claimant's disability has ended and that she [or he] is now able to work.

247 F. App'x at 764. The court further explained that "[w]hen the cessation of benefits is the issue, the Commissioner is not to make a new medical determination but rather is to determine whether there has been 'medical improvement' (i.e., a decrease in the severity of impairment)." *Id.* at 768 (citing 20 C.F.R. § 416.994(b)(1)(i)). The Commissioner bears the burden of demonstrating a "medical improvement." *See Kennedy*, 247 F. App'x at 765; *see also Waters v. Barnhart*, 276 F.3d 716, 717 (5th Cir. 2002).

There are two questions relevant to the medical improvement analysis. *See Kennedy*, 247 F. App'x at 764-65. First, whether there is a medical improvement "'based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the claimant's] impairment(s).'" *Id.* at 765 (quoting 20 C.F.R. § 404.1594(b)(1)(i)). This requires a comparison between the current severity of the claimant's medical impairment(s) and the claimant's impairments at the time of the favorable decision (i.e., the "point of comparison"). *See* 20 C.F.R. § 416.994(b)(vii); *Kennedy*, 247 F. App'x at 765 (citing 20 C.F.R. § 404.1594(c)(1)). The "point of comparison" relevant to Plaintiff's case is his disability onset date. *See Booms v. Comm'r of Soc. Security*, 277 F. Supp. 2d 739, 745 (E.D. Mich. 2003). Second, if there has been a decrease in the severity of the

10

impairment(s) since the favorable decision, whether that has resulted in "'an increase in [the claimant's] functional capacity to do basic work activities . . .'" *Kennedy*, 247 F. App'x at 765 (quoting 20 C.F.R. § 404.1594(b)(3)). An increase in the claimant's functional capacity will lead to a cessation of benefits only if, as a result, the claimant can perform his or her past work or other work for which there exists significant numbers in the national community. 20 C.F.R. §§ 404.1594(f)(7), (8).

This Court does not agree with Magistrate Judge Binder that substantial evidence supports the ALJ's finding that an improvement of Plaintiff's medical impairment(s) occurred as of February 6, 2007. The ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, degenerative joint disease (knees), and anxiety/depression. Viewing the medical evidence as a whole, this Court cannot find substantial support for the ALJ's finding of a medical improvement with respect to any of these impairments.

To find a medical improvement, the ALJ relied solely on the report of a neurosurgeon, Dr. Lisa L. Guyot, who examined Plaintiff on February 6, 2007. While Dr. Guyot reported that Plaintiff indicated "slightly improved leg pain" and that his lower extremity strength was normal, she also reported that he was experiencing "increased back pain." (A.R. at 200.) The ALJ fails to explain how the first and second findings demonstrate improvement in Plaintiff's impairments. Further, it is unclear to this Court how improvement in one area, but reported increased pain in another, supports a "medical improvement."

11

Moreover, and perhaps most importantly, the ALJ did not compare the findings in Dr. Guyot's report with Plaintiff's condition when the ALJ found him "disabled." Had the ALJ done so, she would have noted that Dr. Guyot also reported Plaintiff's lower extremity strength as normal in November 30, 2005. (A.R. at 143.) Dr. Guyot's earlier report, which followed Plaintiff's first laminectomy and diskectomy, also reflected an absence of leg pain following the operation similar to the absence of pain Plaintiff reported in 2007 following the "redo laminectomy and discectomy." (Compare *id*. with A.R. 200.) As reflected in Neurologist W.J. Boike M.D.'s March 15, 2007 report, the initial improvements Plaintiff experienced after his surgeries diminished over time. (A.R. 179 (reporting that Plaintiff "initially felt better" following his first surgery, but over the course of time back and leg pain recurred").)

As it is mentioned repeatedly in the ALJ's decision, the Court assumes that the ALJ was strongly influenced in finding a medical improvement based on Dr. Guyot's report that Plaintiff was not taking any prescription medications. (A.R. at 26, 29, 30.) The entire record, however, reflects that Plaintiff only stopped taking his medications briefly because they were irritating his stomach. (A.R. at 200.) On January 2, 2007, Plaintiff's treating physician, John L. Stoker, Jr., M.D., reported that Plaintiff was taking four medications: Cymbalta, Zantax, Elavil, and Naprosyn. (A.R. at 265.) In Dr. Guyot's report on February 6, 2007, and Dr. Boike's report on March 15, 2007, it is reported that Plaintiff was not taking medications. As of April 30, 2007, however, Dr. Stoker reported that Plaintiff was taking several medications (Lyrica, Naprosyn, Elavil, and Zantac).

(A.R. 176.)  Plaintiff still was taking Lyrica, Naprosyn, and Elavil as of May 14, 2007, in addition to Mavacor.  (A.R. at 173.)

The ALJ concluded that Plaintiff's "medical improvement" affected his residual functional capacity by extending his ability to sit from 4 to 8 hours in an 8-hour work day.  There is no evidence in the record, however, to support this finding.  To the contrary, as reported by Dr. Boike in a report dated March 15, 2007, Plaintiff's low back pain "tends to be precipitated by prolonged sitting, standing, or walking . . ."  (A.R. at 179.)  Notably, despite extending the length of time that Plaintiff is capable of sitting, the ALJ added further restrictions to his residual functional capacity which seems contradictory to a finding of a medical improvement.

In his R&R, Magistrate Judge Binder relies on several cases to find that "[w]here, as here, Plaintiff has been provided the appropriate surgical treatment, his doctors have nothing more to offer, and he is not taking any prescription medications, there is substantial evidence that Plaintiff is not disabled."  (R&R at 13-14.)  As indicated above, however, Plaintiff has been continuously taking prescription medications except for a brief period in March and April 2007.  Additionally, unlike the cases cited by Magistrate Judge Binder, Plaintiff's treating physicians have not responded to his complaints of pain with little, sporadic, or no treatment.  Plaintiff has undergone two surgeries and it appears from the record that his doctors would find a fusion to be an appropriate treatment for his condition(s) but for his age and smoking history.  (*See* A.R. at 200.)  Finally, Magistrate Judge Binder appears to have reviewed the ALJ's decision for substantial evidence as if it

13

had been a new disability determination. That is a different decision, subject to a different analysis, from the issue of whether there was substantial evidence supporting the ALJ's finding of a medical improvement.

## **Conclusion**

For the reasons set forth above, this Court finds that substantial evidence did not support the ALJ's determination that a medical improvement rendered Plaintiff no longer disabled as of February 6, 2007. Having made this finding, the Court must decide whether to remand the case to the Commissioner for an award of continuing benefits or for rehearing. As the Sixth Circuit explained in *Kennedy*:

> The [c]ourt can reverse a decision of the Commissioner and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994); *Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking. *Mowery v. Heckler*, 771 F.2d 996, 963 (6th Cir. 1985). On the other hand, 42 U.S.C. § 405(g) gives the court the power to remand for a rehearing, and the court is obliged to do so if all essential factual issues have not yet been resolved. *Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994).

247 F. App'x at 768.

The ALJ found Plaintiff disabled from June 12, 2005 through February 5, 2007. While the ALJ found a medical improvement that ended Plaintiff's disability on February 6, 2007, this finding was not supported by substantial evidence in the record. It was the Commissioner's burden to present substantial evidence of a medical improvement. Because such evidence is lacking in the record, this Court finds that the matter should be

14

remanded with directions to the Commissioner to award Plaintiff supplemental security income benefits continuing from February 6, 2007.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for summary judgment is **GRANTED** and the Commissioner's motion for summary judgment is **DENIED**;

**IT IS FURTHER ORDERED**, that the decision of the Commissioner is **REVERSED** and the case is **REMANDED** for an award of benefits.


Date:  June 1, 2011                                   s/PATRICK J. DUGGAN
                                                      UNITED STATES DISTRICT JUDGE

Copies to:
David M. Stewart, Esq.
AUSA Lynn M. Dodge
Magistrate Judge Charles E. Binder